(No. 3247— )

WILLIAM H. JONES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

356

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein represents that during the month of February, A. D. 1932 he was engaged by the Department of Public Works and Buildings of the State of Illinois to furnish certain plumbing, labor and material upon the 124th Field Artillery Armory, at Chicago, and pursuant thereto proceeded to furnish same as per statement attached to his complaint, in the amount of Seventy-nine and 94/100 ($79.94) Dollars. The claim recites that request for payment was presented to the Department of Public Works and Buildings "on several occasions," but it does not state when the last of the work and material was furnished, or when the demand for payment was first made. The claim further recites that the said Department of Public Works and Buildings was unable to pay the bill as there were no funds available and that "the Department promised to pay the bill as soon as funds were available," and that the last of such promises was made on March 18, 1936.

The claim was filed April 22, 1938. The conclusion reached from the wording of the complaint is that the last of the materials and labor were in fact furnished in February, 1932.

The Attorney General has filed a motion to dismiss the complaint because more than five years have passed since claimant's right of action accrued and the claim is therefore barred under the provisions of Section 10 of the Act Creating the Court of Claims. (Par. 436, Ch. 37, Ill. Revised Statutes of 1937.)

The claim fails to state a sufficient cause upon which an award could be made. The debt due claimant matured on final delivery of material when the performance of the work was completed. (*Wolff Co. etc.* vs. *State,* 9 C. C. R. 41). The conditional assurance from the Department of Public Works

and Buildings that the claim would be paid whenever it had money for such purpose is not sufficient to toll the running of the statute. The motion of the Attorney General is allowed and the claim dismissed.